BROOKS *v.* WILSON.

Opinion delivered October 6, 1924.

1. SCHOOL LANDS—TITLE OF STATE.—While the trust created by a compact between the United States and this State that sixteenth section lands should be used for school purposes is a sacred obligation imposed on the good faith of the State, the obligation is honorary, and, the legal title to such lands being vested in the State, its power over the same is plenary and exclusive.

2. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT. —A statute passed by a State disposing of lands conveyed in the enabling act by the United States to be used by the State for school purposes does not impair the obligation of a contract, and the State has the right to subject such lands in its hands to the ordinary incidents of title.

3. SCHOOLS—DISPOSITION OF SCHOOL LANDS.—Even if §§ 9108, 9110 and 9285 of Crawford & Moses' Digest, providing for disposition of the fund derived from the sale of sixteenth section lands, be unconstitutional, their invalidity in nowise affects the validity of other statutory provisions for the sale of such lands.

4. STATUTES—EFFECT OF PARTIAL INVALIDITY.—If any special provision of an act be unconstitutional and can be stricken out without affecting the validity of the residue of the act, it will be done, and the remainder of the act allowed to stand.

Appeal from Mississippi Chancery Court, Chickasawba District; *J. M. Futrell,* Chancellor; affirmed.

*T. J. Crowder,* for appellant.

Under the compact, approved June 23, 1836, C. & M. Digest, p. 200, the legal title to the 16th section lands vested in the State as trustee for the use of the inhabitants of the township in which the section 16 was located. The act 344, Acts 1919, C. & M. Digest, §§ 9108, 9287, is violative of the compact, *supra,* and void, in this: in providing for the sale of the lands under an order of the county court, upon a petition of any person desiring to purchase, without obtaining the consent of the inhabitants and without notice to them; and in providing that the proceeds derived from the sale of the land be deposited in the State Treasury to the credit of the common school fund of the State. We are not unmindful of the case of *Mayers* v. *Byrne,* 19 Ark. 308, but attention is called to the fact that the act under which the sale was

made required the proceeds from the sale to be "employed for school purposes in the township," Acts 1844-45, p. 85, whereas the present statute, C. & M. Digest, § 9108, requires the sheriff, after the costs are paid, to transmit the balance of the purchase price to the Treasurer of the State "for and on account of the permanent school fund." See also *Id.*, § 9287, and *Id.*, 8808. But the above case, as well as the later case, *Special School District No. 5* v. *State*, 139 Ark. 263, recognized the trust feature of the compact and the sacredness of the obligation assumed by the State to preserve the use of the lands for the benefit of the inhabitants of the township in which the lands lie.

*Little, Buck & Lasley*, for appellees.

The question as to the legal title to the lands involved has been settled by the court's decision in *Mayers* v. *Byrne,* 19 Ark. 308, against appellant's contention, wherein it was held that the legal title to the land vested absolutely in the State. The question here involved is the sale of the land, not the use of the proceeds. If depositing the proceeds of the sale to the credit of the common school fund is to deprive the inhabitants of the township of the use of the land within the meaning of the compact, that may be prevented in a proper proceeding instituted for that purpose, but not in this case. 263 U. S. 361; 127 U. S. 182; 107 U. S. 557.

HART, J. J. Mell Brooks, a taxpayer and an inhabitant of a certain school district in Mississippi County, Arkansas, brought this suit in equity against R. E. Lee Wilson and D. H. Blackwood, as sheriff of Mississsippi County, to enjoin the sheriff from issuing and delivering to R. E. Lee Wilson a certificate of purchase of sixteenth section school land situated within the limits of said school district.

The statute regulating the sale of sixteenth section lands for the use of schools was in all respects complied with by the sheriff, whose duty it was, under the statute, to make the sale.

The sole ground upon which the sale was sought to be defeated was that the act regulating the sale of such lands violated the compact between the United States Government. and the State of Arkansas.

The chancellor ordered the complaint dismissed for want of equity, and the case is here on appeal.

It appears from the record that the sale of the sixteenth section land involved in this suit was made in conformity with the provisions of §§ 9104-9112 of Crawford & Moses' Digest regulating the sale of such lands.

 - This fact is conceded by counsel for appellant, and his sole reliance for a reversal of the decree is that the act of the Legislature under which the sale was made is unconstitutional, because it is violative of the compact between the United States and the State of Arkansas whereby the former granted to the latter, by act of Congress, the sections numbered sixteen in every township, "for the use of the inhabitants of such township for the use of schools." The legal title to these lands could not be vested in the inhabitants of the township, because they had no corporate existence, and none could be conferred on them by the act of Congress. It is plain from the language of the act of Congress that the legal title to the lands was intended to be vested in the State, and it did so vest by the acceptance of the conditions by the Constitutional Convention under which the State was admitted into the Union. *Cooper* v. *Roberts,* 18 How. U. S. 173; *State of Alabama* v. *Schmidt,* 232 U. S. 168, and *King County, Washington,* v. *Seattle School District No. 1,* 263 U. S. 361, 44 S. C. Rep. 127, 68 L. ed. 138.

Thus it will be seen that the Supreme Court of the United States has expressly held that, while the trust created by a compact between the United States and the State that sixteenth section lands be used for school purposes is a sacred obligation imposed on the good faith of the State, the obligation is honorary, and the power of the State, where the legal title has been vested in it, is plenary and exclusive. The court further held that a statute passed by a State disposing of lands conveyed

in the enabling act by the United States to be used by the State for school lands, does not impair the obligation of a contract created by the acceptance of the enabling act; and that the State has the right to subject such lands in its hands to the ordinary incidents of title.

This doctrine was also recognized by this court in the case of *Mayers* v. *Byrne,* 19 Ark. 308. In that case it was held that, by the act of Congress supplemental to the act for the admission of Arkansas into the Union and the ordinance of the State accepting the provisions of the supplemental act, the title to the sixteenth section lands granted for the use of common schools vested absolutely in the State, and that the act of Congress imposing conditions upon the power of sale was not binding upon the State.

It follows from the principles of law decided in these cases that the title to the land in question was in the State of Arkansas, and passed to the purchaser at the sheriff's sale, under the provisions of the act regulating the sale of the same.

But it is contended that the act is unconstitutional because § 9108 of Crawford & Moses' Digest provides that, after the payment of the costs of the sale, the balance of the purchase price shall be transmitted by the sheriff to the State Treasurer, for and on account of the permanent school fund of the State of Arkansas.

To sustain his contention in this behalf, counsel relies upon *Special School District No. 5* v. *State,* 139 Ark. 263. We do not think that case is authority for his contention. On the other hand, it reaffirms the rule that the title to the sixteenth section lands has vested in the State. The court expressly said that the act of Congress was declared by this court in *Mayers* v. *Byrne,* 19 Ark. 308, not to be binding upon the State as to the disposition of the lands. In that case the title to the lands was not involved, but the court had only under consideration the disposition of the funds derived from the use of the sixteenth section school lands, or from the use of the proceeds of the sale of such lands. In this connection it may

be stated that the disposition of the purchase price of the sixteenth section school lands is referred to in §§ 9108, 9110 and 9285 of Crawford & Moses' Digest.

Section 9108 is a part of the act of March 22, 1919. Section 9110 is a part of the act of March 31, 1885, and § 9285 is a part of act of May 8, 1899. The constitutionality of these sections is not involved and is not passed upon at all. If they should be deemed unconstitutional, it would in no wise affect the validity of the acts of which they are a part with regard to the sale of the lands. They deal with the disposition of the fund derived from the sale of the sixteenth section lands, and the remainder of the respective acts deals with the manner of the sale of such lands. If the legal title to the lands is in the State of Arkansas, as decided by the Supreme Court of the United States and by this court, the Legislature had full discretion to provide for the manner in which such lands might be sold, and the fact that a part of the act providing for the disposal of the funds arising from the sale of the lands should be held to be unconstitutional would in no wise affect the remainder of the act. The only ground upon which the disposition of the proceeds of the sale could be held to be unconstitutional would be that the Legislature has violated the compact between the United States and the State. If that compact unalterably fixed the disposition which should be made of the proceeds arising from the sale or lease of the lands, an act of the Legislature fixing a different method might be unconstitutional, and still not render unconstitutional the remaining portion of the act providing the machinery for the sale of the lands.

The rule is that, if any special provision of an act be unconstitutional and can be stricken out without affecting the validity of the residue of the act, it will be done, and the remainder of the act allowed to stand. *Cribbs* v. *Benedict*, 64 Ark. 555; *State* v. *New York Life Ins. Co.*, 119 Ark. 314; *State* v. *Woodruff*, 120 Ark. 406; and *Davis* v. *State*, 126 Ark. 260.

Therefore the decree will be affirmed.