REVERE COPPER & BRASS, Inc., *v.*
Leonard BIRDSONG

CA 79-68                                                593 S.W. 2d 54

Opinion delivered December 19, 1979
Rehearing denied January 23, 1980
Released for publication January 23, 1980

*Pickens, Boyce, McLarty & Watson*, by: *James A. McLarty*, for appellant.

·*Sam Boyce*, for appellee.

ERNIE E. WRIGHT, Judge. This is an appeal by the employer from a decision of the Workers' Compensation Commission finding claimant, Leonard Birdsong, totally and permanently disabled and awarding compensation accordingly.

Appellee was 62 years of age at the time of hearing and had been in the employ of appellant for some 17 years prior to the injury. He sustained a compensable injury in the course of his work on or about June 23, 1976 while moving some steel. He felt a sting in his shoulder and the next morning was unable to move his left arm. He consulted his physician, Dr.

John D. Ashley, and was referred to Dr. Richard M. Logue, an orthopedic surgeon. On March 8, 1977 Dr. Logue operated on his arm in an effort to correct the condition resulting from the injury. After the operation claimant convalesced until June 24, 1977 when he returned to work. The condition of his arm grew worse and after work on January 19, 1978 the claimant quit working because of the arm injury, combined with problems with his knees. He had previously sustained a compensable scheduled injury to his left knee in 1966 while working for the same employer, resulting in an award of twenty per cent partial disability to the left leg. He thereafter developed arthritis in both knees and was treated for this condition by Dr. Ashley.

The evidence before the commission includes the report of Dr. Logue, who assessed claimant's disability from the injury as thirty per cent loss of function to the arm due to the rupture of the biceps. Dr. Ashley testified he saw the claimant on June 24, 1976 and found the claimant had a marked weakness in his left upper arm, swelling in the mid portion of the arm, and that when the muscle would contract the arm would not move. It was his conclusion the claimant had a rupture of the head of the left bicep muscle. He had occasion to treat claimant for other conditions subsequent to the corrective surgery by Dr. Ashley, the last time being incident to hospitalization of claimant in April of 1978 for osteo-arthritic problems with his knees and other complaints. He observed the arm surgery had not been successful, and gave a written report in May, 1978, expressing the following opinion regardng the disability arising from the arm injury:

> He has previously suffered an industrial injury to the left leg and as a result of favoring this leg, he has developed arthritic symptoms in the right leg. As a result of this last injury to his arm and his previous leg injury interpreted in light of his over-all physical condition, I feel that Mr. Birdsong's last injury is perhaps "the straw that broke the camel's back" in creating a total disability situation.

Dr. Ashley testified in his opinion the claimant is permanently and totally disabled and the arm injury was the final factor in creating the total disability. Claimant testified he was unable to continue his employment after january, 1978.

The Workers' Compensation Act defines disability as incapacity because of injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.

The evidence shows claimant has limited education, has worked only at manual labor, and has no training in other fields of work.

The case of *Glass* v. *Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961) rejects the theory that only clinical findings can be considered in determining disability, and points out that consideration should be given to a claimant's age, education, experience and other matters affecting wage loss in addition to medical evidence.

The evidence shows appellee was able to work after the 1966 scheduled knee injury, but there was medical evidence in addition to his own testimony that he became totally disabled to continue working after his last day of work on January 19, 1978, and that the precipitating cause was the arm injury.

In *Cooper Ind. Products* v. *Worth*, 256 Ark. 394, 508 S.W. 2d 59, (1974), the court held a scheduled injury may give rise to an award of compensation for total disability under Ark. Stat. Ann. § 81-1313 (a) where the scheduled injury proves to be totally and permanently disabling. The case also holds that on appeal we must give the findings of the commission the strongest probative force in favor of the Commission's decision.

Appellant argues the opinion of Dr. Ashley should be disregarded because it went beyond assigning functional impairment. Ark. Stat. Ann. 28-1001, Rule 704 permits opinion testimony embracing an ultimate issue to be decided by the trier of fact. The opinion of Dr. Ashley was received without objection and the factors upon which the opinion was predicated were detailed. It was proper for the commission to weigh Dr. Ashley's testimony, along with all other evidence.

The question of permanent total disability is an issue of fact and all relevant evidence bearing upon the issue should be considered.

We conclude there is substantial evidence to support the findings of the commission that claimant is totally and permanently disabled as a result of the arm injury sustained in the course of employment, when the condition of his arm is considered along with the scheduled permanent disability to his leg and other physical conditions. However, the undisputed evidence shows claimant actually worked during the period from June 24, 1977 through January 19, 1978, and the evidence does not support the commission's finding of permanent total disability as beginning prior to January 20, 1978.

The commission's award is modified to show the commencement date of permanent total disability as being January 20, 1978, and as so modified the decision of the commission is affirmed.