HUNTER MEMORIAL UNITED
METHODIST CHURCH et al *v.*
Ross R. MILLIRONS et al

CA79-257                                           597 S.W. 2d 845

Court of Appeals of Arkansas
Opinion delivered April 9, 1980
Released for publication April 30, 1980

*Laser, Sharp, Haley, Young & Huckabay,* P.A., for appellants.

*J. R. Nash,* for appellees.

JAMES H. PILKINTON, Judge. By Act 1227 of 1975, extended session, the General Assembly amended the Arkansas Workers' Compensation Law to provide that death benefits are payable to persons who were *actually* dependent upon the decedent employee. Ark. Stat. Ann. § 81-1315(c) (Repl. 1976). The Arkansas Supreme Court has had occasion to interpret this section of the compensation law since it was amended. See *Roach Manufacturing Company* v. *Cole,* 265 Ark. 908, 582 S.W. 2d 268 (1979) and *Doyle's Concrete Finishers* v. *Jo Ellen Moppin, Guardian,* 268 Ark. 167, 594 S.W. 2d 243 (1980). In the present case the Commission, aplying the amended act, held that Ross R. Millirons, as the widower of his deceased wife, Linda K. Millirons, was not entitled to death benefits for himself because he was not incapacitated to support himself at the time of her death. The Commission held, however, that the couple's five minor children were entitled to recover benefits because they were actually dependent upon the mother at the time of her death. The circuit court affirmed the decision of the Workers' Compensation Commission. An appeal and cross appeal bring both points to this court for review.

The basic facts are not in dispute and the only issue involved is whether the claimants are entitled to dependency benefits. On September 13, 1978, Mrs. Linda K. Millirons died by drowning during a flash flood which occurred in the Little Rock area. She was employed at the time by the Child Care Center operated by Hunter Memorial Methodist Church. It is conceded that Mrs. Millirons died as a result of a work related occurrence, and that the death claim is compensable. At the time of her death Mrs. Millirons' average wage was $105.77 per week or $458.32 per month. The claimant, Ross R. Millirons, husband of the decedent, is a self-employed scrap iron dealer and has been so employed for the past several years, during which period of time his net income has averaged approximately $6,000 per year. For the taxable year preceding the date of death, Mr. and Mrs. Millirons had reported joint taxable income approximating $9,000. Of this amount, Mr. Millirons had reported a net taxable income of $5,836.54, and his wife had reported net taxable income of $2,815.10. The evidence is uncontradicted that the decedent was the legal wife of Ross R. Millirons, and the natural

mother of their five children, Debra Lynn, age 16; Susan, age 14; Ross Jr., age 12; Lori, age 9; and Patricia, age 7, and that they were all living together at the time of the decedent's death. It is also undisputed that both Mr. and Mrs. Millirons contributed substantially all of their joint income to maintenance of the family household. The only other income for the family came from a very small annual interest payment, amounting to $139.78, on certificates of deposit that the couple had purchased over the years from nichels and dimes saved to buy a home. In addition to the cash contributions Mr. Millirons made, the record is undisputed that he conducted at least a part of his business at the home premises, and was able to deduct from his federal income tax return percentages of his rental, utilities and phone bills. The record is also clear that Ross R. Millirons was not and is not incapacitated to support himself. It is undisputed that the children involved in the case before us meet the definition of a child as contained in the act. Ark. Stat. Ann. § 81-1302.

Dependency is a fact question. It is to be determined in the light of surrounding circumstances. *Roach* v. *Cole, supra; Doyle's Concrete Finishers* v. *Moppin, supra;* and cases there cited.

The evidence is that Ross R. Millirons, his deceased wife, and the five minor chidren were all living together at the time of Linda K. Millirons' death and that the entire family was dependent upon the wages which the deceased earned. In regard to the five minor children of the decedent, the Commission found that the children were entitled to full dependency benefits. It was of course the responsibility of the Commission to decide this issue of fact. As to the children, we find that the Commission's concusions are supported by substantial evidence.

With respect to the husband, a more complicated question is presented. The Commission found that the entire family, including the widower, was dependent upon the wages which the deceased earned. When the entire record in this case is reviewed, the overwhelming weight of the evidence, both testimonial and documentary, conclusively shows that the claimants were wholly and actually dependent

upon the support of the decedent. Although the widower of the decedent also worked, he was an unskilled, self-employed worker who was clearly dependent upon the income provided by the decedent for his support as well as the support of the five minor children aforementioned. Nevertheless, the Commission concluded that Mr. Millirons, as the surviving husband, was not entitled to dependency benefits as he was not, and is not, incapacitated; and therefore does not meet that requirement of Ark. Stat. Ann. § 81-1315(c) which states, in part, as follows:

> To the widower . . . and such compensation shall be paid during the continuance of his incapacity or until remarriage. Provided, however, the widower shall establish, in fact, some dependency upon the deceased employee before he will be entitled to benefits as provided herein.

The Administrative Law Judge pointed out the distinction which § 81-1315(c) makes between widow and widower as to the requirement of benefits; and stated that the obvious discrimination between widow and widower may be unconstitutional under the equal protection clause of the federal constitution.

The pertinent part of the statute pertaining to widows reads:

> To the widow . . . and such compensation shall be paid until her death or remarriage. Provided, however, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided herein.

*Roach* v. *Cole, supra,* says that the statute defines widow as "the decedent's legal wife, living with or dependent for support upon him at the time of his death." It defines a widower as "the decedent's legal husband who, at the time of her death, was living with and dependent upon her for support and was incapacitated to support himself." Thus this subsection of the act grants death benefits to any surviving dependent wife of a deceased employee, but restricts the

availability of such benefits only to surviving dependent husbands who demonstrate incapacity at the time of the decreased female employee's death. The Commission took note of this obvious difference; however, it felt it was for the courts and not a Quasi-Judicial Commission, as it is, to deal with any constitutional issue which may be involved. We decline the invitation, which originated with the Administrative Law Judge, to pass on the constitutionality of that part of the act for the reason that the surviving husband in this case has not raised the point. To the contrary, if we understand his position correctly, he has carefully avoided doing so for fear, as stated in his brief, that once a statute or provision which provides benefits to widows and widowers is declared unconstitutional and striken, those benefits might cease to exist entirely. He cites *Westenberger* v. *Industrial Commission of Ohio,* 20 N.E. 2d 252, 135 Ohio St. 211, as a basis for those fears. We express no opinion on the merit, if any, of his alarm. We simply do not reach the constitutional issue in this case.

Mr. Millirons does suggest that we adopt a different interpretation of this sub-section than found in *Roach* v. *Cole, supra,* by ignoring the "incapacity" requirement. We of course decline to do that in view of the wording of the statute pertaining to widowers, and the definition of that part of the act set out in *Roach.* While cross-appellant complains of the "interpretation" of the sub-section in question, as contained in *Roach,* and applied by the Commission, we fail to see how we could follow his suggestive interpretation without declaring all or part of the sub-section unconstitutional.

It follows from what has been said that the finding and order of the Commission denying benefits to the widower were correct under existing law, and the case as a whole must be affirmed.

Affirmed.