Gerry SWAFFORD, Widower of Delores SWAFFORD,
Deceased *v.* TYSON FOODS, INC.

CA 80-463                     621 S.W. 2d 862

Court of Appeals of Arkansas
Opinion delivered September 23, 1981

344

*Sam T. Heuer* of *Davis, Bracey & Heuer, P.A.*, for appellant.

*Davis, Bassett, Cox & Wright*, for appellee.

*Steve Clark*, Atty. Gen., by: *Marion A. Humphrey*, Asst. Atty. Gen., *amicus curiae*.

LAWSON CLONINGER, Judge. The Arkansas Workers' Compensation Commission found that Delores Swafford, an employee of appellee Tyson Foods, Inc., died as the result of a compensable injury under the Arkansas Workers' Compensation Act, but that her husband, appellant Gerry Swafford, was not entitled to compensation benefits as her dependent because he was not incapacitated to support himself. The Commissioner awarded benefits to the two minor children of Gerry and Delores Swafford.

Ark. Stat. Ann. § 81-1302 (*l*) (Repl. 1976) defines "widow" as follows:

'Widow' shall include only the decedent's legal

wife, living with or dependent for support upon him at the time of his death.

Ark. Stat. Ann. § 81-1302 (m) (Repl. 1976) defines "widower" as follows:

'Widower' shall include only the decedent's legal husband who, at the time of her death, was living with and dependent upon her for support and was incapacitated to support himself.

Ark. Stat. Ann. § 81-1315 (Repl. 1976) provides in pertinent parts as follows:

(c) ... compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon him in the following percentage of the average weekly wage of the employee, and in the following order of preference:

First. To the widow if there is no child, thirty-five per cent (35%), and such compensation shall be paid until her death or remarriage. Provided, however, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided herein.

To the widower if there is no child, thirty-five per cent (35%), and such compensation shall be paid during the continuance of his incapacity or until remarriage. Provided, however, the widower shall establish, in fact, some dependency upon the deceased employee before he will be entitled to benefits as provided herein.

Second. To the widow or widower if there is a child, the compensation payable under the First above, and fifteen percent (15%) on account of each child.

It is clear that under § 81-1302, *supra*, a widow need only be *either* living with *or* dependent for support upon her husband at the time of his death to be entitled to compensation, while a widower must *both* be living with *and*

dependent upon his wife for support at the time of her death, *and be incapacitated to support himself*, to be eligible for the same compensation. It is equally clear that although § 81-1315 (c), *supra*, provides that compensation shall be paid only to those persons who are wholly and actually dependent upon the decedent, without distinction as to class, a widow is entitled to compensation *until her death or remarriage*, while a widower shall be paid *during the period of his incapacity or until remarriage*.

The Administrative Law Judge found that Ark. Stat. Ann. § 81-1302 (m) is unconstitutional as being in violation of the Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, and Article II, Section 18, of the Arkansas Constitution, and awarded compensation to appellant and the two minor children. The Full Commission observed that the distinction made in the Act may be unconstitutional, but that it is for the courts and not for an administrative law judge or a quasi-judicial commission to declare the Act unconstitutional if, in fact, it is.

The issue raised by the appellant on this appeal is whether Ark. Stat. Ann. §§ 81-1302 (m) and 81-1315 (c) constitute impermissible gender-based discriminations against widowers under the Equal Protection clauses of the U.S. Constitution and the Arkansas Constitution. Appellee urges that even though the dependency section may well be unconstitutional, the decision of the Commission should be affirmed because from a factual standpoint appellant was not wholly and actually dependent upon the deceased as were the two minor children.

We find that Ark. Stat. Ann. §§ 81-1302 (m) and 81-1315 (c) are impermissible gender-based discriminations and that appellant was wholly and actually dependent upon decedent at the time of her death.

In a long line of cases the United States Supreme Court has not hesitated to strike down gender classifications that result in benefits or privileges being granted or denied on the basis of the sex of the qualifying person. In *Royster Guano*

*Company* v. *Virginia*, 253 U.S. 412 (1920), the Court stated that a classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. In *Reed* v. *Reed*, 404 U.S. 71 (1971), an Idaho statute which provided that in the appointment of an administrator "males must be preferred to females," was declared to be a violation of the Equal Protection clause.

In *Frontiero* v. *Richardson*, 411 U.S. 677 (1973), a serviceman could claim his wife as a dependent without regard to whether she was in fact dependent upon him, but a servicewoman could not claim her husband as a dependent unless he was in fact dependent upon her for over one-half of his support. The discrimination was invalidated. The case of *Califano* v. *Goldfarb*, 430 U.S. 199 (1977) dealt with a Social Security Act provision granting survivor's benefits to a widow regardless of dependency, but providing the same benefits to a widower only if he had been receiving at least half of his support from his deceased wife. In declaring the provision invalid, the Court stated that "female insureds received less protection for their spouses solely because of sex."

Not every gender-based discrimination is set aside on constitutional grounds, but to escape invalidation it is necessary that they serve important governmental objectives and the discriminatory means employed must be substantially related to the achievement of those objectives. *Califano* v. *Wescott*, 443 U.S. 76 (1979) and *Orr* v. *Orr*, 440 U.S. 268 (1979).

At issue in the case of *Wengler* v. *Druggist Mutual Insurance Company, et al*, 446 U.S. 142 (1980) was the constitutionality of the provisions of the Missouri Workers' Compensation Laws which denied a widower benefits based on his wife's work-related death unless he was incapacitated or proved dependency, but granted a widow benefits without her having to prove either dependency or incapacitation. The only justification offered by the appellees for not treating males and females alike was the assertion that most women are dependent on male wage earners and that it is

more efficient to presume dependency in the case of women. The Court found that the Missouri law discriminated against men because it deprived them of survivor's benefits to which they would be entitled except for their sex, and it discriminated against women because it provided them with less protection for their spouses solely because of sex. The Court then observed:

> Surely the needs of surviving widows and widowers would be completely served either by paying benefits to all members of both classes or by paying benefits only to those members of either class who can demonstrate their need. Why, then, employ the discriminatory means of paying all surviving widows without requiring proof of dependency, but paying only those widowers who make the required demonstration?

The Arkansas Supreme Court has declared invalid a number of gender-based laws. In *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979), a statute providing for maintenance and attorney's fees for wives only was invalidated; in *Lucas* v. *Handcock*, 266 Ark. 142, 583 S.W. 2d 491 (1979), the Court ruled unconstitutional a statute which allowed illegitimate children to inherit from their mother and not their father, and in *Noble* v. *Noble*, 270 Ark. 602, 605 S.W. 2d 453 (1980) gender-based alimony and property division statutes were declared unconstitutional. Two recent Arkansas cases, *Hess and Morton* v. *Wims*, 272 Ark. 43, 613 S.W. 2d 85 (1981) and *Stokes* v. *Stokes*, 271 Ark. 300, 613 S.W. 2d 372 (1981), struck down gender-based statutes pertaining to the right of a widow, but not a widower, to take against the will and to receive dower interests and statutory allowances, and Article IX, Section 6 of the Constitution of the State of Arkansas relating to homestead.

In the case now before this Court it is obvious that the sections of the Workers' Compensation Act sought to be invalidated are gender-based discriminations. As the United States Supreme Court observed in *Wengler* the burden is on those defending a discrimination to make out a claim to justification. However, in this case no one attempts to justify

the discrimination; in fact, appellee agreed that there was probably an unconstitutional discrimination, and the Attorney General of the State of Arkansas, in its *amicus curiae* brief, concedes that the distinction between "widow" and "widower" may constitute an impermissible gender-based discrimination. In the face of what we find to be a gender-based discrimination, and in the absence of any showing that the discrimination serves an important governmental objective, we hold that the discriminatory sections of the Arkansas Workers' Compensation Act are violative of the Equal Protection clauses of the federal and state constitutions.

The secondary question presented is whether the constitutional defect should be cured by extending the rights of widowers or eliminating the rights of widows. In *National Life Insurance Company* v. *U.S.*, 277 U.S. 508 (1928), the United States Supreme Court observed that if extension is legislation it is nonetheless so because the operation can be performed by striking out certain words. That observation, of course, is correct, but appellant has cited no authority, and we are aware of none, which allow this Court to add to a statute so as to make it constitutionally correct. There is, however, authority for this Court to strike the offensive portions while leaving the remainder intact.

In *Brooks* v. *Wilson*, 165 Ark. 477, 265 S.W. 53 (1924), the Court stated:

> ... if any special provision of an act be unconstitutional and can be stricken out without affecting the validity of the residue of the act, it will be done, and the remainder of the act allowed to stand. *Cribbs* v. *Benedict*, 64 Ark. 555, 44 S.W. 707 (1897).

The Supreme Court of Arkansas stated in the case of *Borchert* v. *Scott*, 248 Ark. 1041, 460 S.W. 2d 28 (1970), as follows:

> ... The rule is stated in *Cotham* v. *Coffman*, 111 Ark. 108, 163 S.W. 1183 (1914), quoting from Cooley's Constitutional Limitations (6 ed.), in this language:

... Where therefore a part of the statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in the subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. ... If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with apparent legislative intent, wholly independent of that which was rejected, it must be sustained. ...

We have concluded that the Workers' Compensation Act and its sections are severable and that the offending portions of §§ 81-1302 (m) and 81-1315 (c) can be excised, leaving the remainder of the sections intact. We further conclude that it was the legislative intent to provide compensation for the death of an employee and that to make compensation available equally for a widow and a widower is more consistent with the legislative purpose than to exclude widows. The offending words in § 81-1302 (m) "... and was incapacitated to support himself ..." are therefore excised, which results in Ark. Stat. Ann. § 81-1302 (m) (Repl. 1976) providing as follows:

'Widower' shall include only the decedent's legal husband who, at the time of her death, was living with [or] dependent upon her for support.

The offending words of § 81-1315 (c) (Repl. 1976), "... during the continuance of his incapacity or ..." are therefore excised, which results in Ark. Stat. Ann. § 81-1315 (c) (Repl. 1976) providing as follows:

First. To the widow if there is no child, thirty-five per cent (35%), and such compensation shall be paid until her death or remarriage. Provided, however, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided herein.

To the widower if there is no child, thirty-five per cent (35%), and such compensation shall be paid until remarriage. Provided, however, the widower shall establish, in fact, some dependency upon the deceased employee before he will be entitled to benefits as provided herein.

We are aware of the fact that Act 290 of the Acts of Arkansas for 1981, abolishing the distinction between widow and widower in the Workers' Compensation Act, became effective on March 3, 1981. However, that Act is not effective retroactively and does not govern the rights between these parties.

The Administrative Law Judge found that appellant and the two children were wholly and actually dependent upon Delores' earnings and awarded benefits to appellant equal to thirty-five per cent of Delores' average weekly wage, and fifteen per cent to each child. The Commission found that Gerry and Delores Swafford and their two minor children were all living together at the time of Delores' death and that the entire family was dependent upon her earnings. Appellant was disqualified for benefits solely because he was not incapacitated to support himself.

In defining the term "wholly dependent" the Court, in *Chicago Mill and Lumber Company* v. *Smith*, 228 Ark. 876, 310 S.W. 2d 803 (1958), stated:

It would be possible to construe this provision of the Act as depriving a widow or child of any compensation when, as here, the husband and father was completely void of any sense of his family obligation. But it is a rule that remedial legislation shall be liberally construed. We believe the Legislature used the term 'wholly dependent' in the sense of applying to those ordinarily recognized in the law as dependents, and this would certainly include wife and children.

In *Roach Manufacturing Company* v. *Cole*, 265 Ark. 908, 582 S.W. 2d 268 (1979), the deceased had been married and the couple had one daughter. Eleven months before his

death, the deceased left his wife and child and moved to Tennessee where he resided and worked without obtaining a divorce and without providing support to his wife and daughter. The wife supported herself and her child as best she could. Stating the rule that "remedial legislation shall be liberally construed," the Court awarded the daughter compensation on the grounds that she had a "reasonable expectation of future support." The Court did not award compensation to the wife since there was no factual proof of actual dependence. The Act had been amended by the Legislature in 1976 to require the surviving spouse to be "wholly and actually dependent" upon the deceased. The Court in *Roach* further stated:

> We assume — under our settled law we must assume — that the Legislature, in deciding to amend the statute, knew the meaning that we had attributed to 'wholly dependent.' . . . It unavoidably follows that the addition of the word 'actually' was intended to change what amounted to a conclusive presumption of dependency under our prior cases. It follows at least that, when, as here, the widow and child were not living with the employee at the time of his death, there must be some showing of actual dependency.

> We have said, where there is no presumption of dependency, that dependency is a fact question to be determined in the light of surrounding circumstances. *Smith* v. *Farm Service Cooperative*, 244 Ark. 119, 424 S.W. 2d 147 (1968). . . .

In the recent case of *Hunter Memorial Methodist Church* v. *Millirons*, 268 Ark. 975, 597 S.W. 2d 845 (Ark. App. 1980), Mrs. Millirons died as a result of a work-related occurrence and her claim was compensable. At the time of death Mrs. Millirons' average wage was $105.77 per week, and the claimant, her husband, earned approximately the same wages. The question on appeal was not only whether Mr. Millirons was entitled to compensation, but whether his five children were entitled to benefits as well. The Commission held that the five children of the deceased were entitled to recover benefits because they were actually

dependent upon their mother at the time of her death, however, the claimant was disqualified because he was not incapacitated to support himself at the time of his wife's death.

The record in this case reflects that both appellant and Delores were employed, and that all their earnings were used for the support of the family. Delores earned in excess of $5500 per year, and her contribution was approximately one-half of the family's total income. Appellant's income alone was not sufficient to support the family, and it was necessary for Delores to work.

The finding of the Commission on the issue of dependency must stand if supported by any substantial evidence, resolving all inferences in favor of the claimant. *Revere Copper and Brass, Inc.* v. *Birdsong*, 267 Ark. 922, 593 S.W. 2d 54 (Ark. App. 1979). The question is whether the proof supports the finding that was made, not whether it would have supported the contrary conclusion. *Roach Manufacturing Company* v. *Cole, supra.*

We find there was substantial evidence to support the findings of dependency made by the Commission.

The cause is remanded to the Commission with directions to enter an award for appellant for thirty-five per cent of the average weekly wage of Delores Swafford.