Fred C. RUSSELL *v.* INTERNATIONAL
PAPER COMPANY

CA 81-40                                    621 S.W. 2d 867

Court of Appeals of Arkansas
Opinion delivered September 23, 1981

*Youngdahl & Larrison*, by: *James H. Larrison, Jr.*, for appellant and cross-appellee.

*Brown, Compton & Prewett, Ltd.*, by: *James M. Pratt, Jr.*, for appellee and cross-appellant.

LAWSON CLONINGER, Judge. This Workers' Compensation appeal involves the same issues as did the case of *Gerry Swafford* v. *Tyson Foods, Inc.*, 2 Ark. App. 343, 621 S.W. 2d 862, which was decided by this Court today, and the two cases were consolidated for consideration by the Court. The decision in the *Swafford* case relating to the unconstitutionality of Ark. Stat. Ann. §§ 81-1302 (m) and 81-1315 (c) (Repl. 1976) and the statement of the law relating to dependency are adopted in full herein.

In the instant case Verna Russell died as a result of an admittedly compensable injury suffered while she was an employee of appellee International Paper Company. The Arkansas Workers' Compensation Commission denied death benefits to decedent's husband, appellant Fred C. Russell, declaring that but for the statutory requirement of incapacity for self-support appellant would be entitled to partial dependency benefits of fifty per cent (50%) of the amount allowable to a dependent spouse.

Appellee concedes that while Ark. Stat. Ann. §§ 81-1302 (m) and 81-1315 (c) are unconstitutional, benefits should be denied appellant because (1) deletion of the unconstitutional portion of the Act is not the proper way to equalize treatment for widows and widowers and (2) appellant failed to establish actual dependency on his wife for support.

Appellee urges that we cannot know the intent of the Legislature; that it can be argued that the Legislature might very well take the approach that the burden of showing incapacity for self-support should be placed upon widows as well as widowers.

In *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979) the Court held unconstitutional the statute allowing maintenance and attorney's fees to a wife, but not a husband, during the pendency of an action for divorce or alimony. Ark. Stat. Ann. § 34-1210 (Repl. 1962). The appellee wife in *Hatcher* argued that the Court should simply hold that the law applies to both wife and husband. The Court declined to so hold, stating that it is not the function of the court to legislate. However, in *Hatcher*, the offending statute recited that "during the pendency to an action for divorce or alimony, the Court may allow the wife maintenance and a reasonable fee for her attorneys . . ." Only by adding a word or words could this statute be made acceptable, and appellant has cited no authority for the proposition that words can be added in order to make a portion of a *statute* constitutionally correct. In a concurring opinion in *Borchert* v. *Scott*, 248 Ark. 1041, 460 S.W. 2d 28 (1970) Mr. Justice Fogleman observed:

> We are not authorized to declare an entire act, or even an entire section thereof, invalid because a part of the act or section is unconstitutional, unless all of the provisions of the act, or the section, are so dependent on each other that it *cannot* be presumed that the Legislature would have passed one without the other.

As this Court stated in *Swafford* v. *Tyson, supra*, we conclude that it was the legislative intent to provide compensation for the death of an employee and that to make compensation available equally for a widow and a widower is more consistent with the legislative purpose than to exclude widows. The provisions of the sections herein held to be unconstitutional are not so interdependent that it cannot be presumed that the Legislature would have passed one without the other.

Appellant and the decedent were both employed by appellee and their earnings were approximately equal. They had no dependents, and all the money received by both was pooled into one account and checks for their expenses were paid from one account. They owned a home, vehicles and cattle jointly, shared a ride to work, and since almost all of their money was spent on expenses they had been unable to accumulate any substantial savings. There had been little reduction in the regular monthly expenses.

Ark. Stat. Ann. § 81-1315 (i)(1) provides:

(i) Partial dependency. (1) If the employee leaves dependents who are only partially dependent upon his earnings for support at the time of the injury, the compensation payable for such partial dependency shall be in the proportion that the partial dependency bears to total dependency.

Under the authorities we cited in *Swafford* v. *Tyson*, we find there was substantial evidence to support the finding of the Commission that appellant was entitled to partial dependency benefits of fifty per cent (50%).

The cause is remanded to the Commission with directions to enter an award for appellant for partial dependency benefits of fifty per cent (50%) of the amount allowable.