[No. 28906. Department One. March 19, 1943.]

THE UNEMPLOYMENT COMPENSATION DEPARTMENT, *Respondent,* v. PAUL JOHN HUNT, *Appellant.*[1]

'Reported in 135 P. (2d) 89.

*Lewie Williams* and *Fred'k R. Burch,* for appellant.

*The Attorney General, George W. Wilkins* and *Frank W. Foley, Assistants (John F. Lindberg,* of counsel), for respondent.

STEINERT, J.—This is an appeal by an employer from a judgment of the superior court for King county which affirmed an order of the division of unemployment compensation and placement determining the amount of contribution due and owing from the employer to the unemployment compensation fund.

The original proceeding was initiated by the commissioner of unemployment compensation and placement, respondent herein, who, pursuant to the provisions of the unemployment compensation act (chapter 162, p. 574, Laws of 1937, as amended by chapter 214, p. 818,

Laws of 1939, and by chapter 253, p. 870, Laws of 1941), issued and caused to be served upon Paul John Hunt, hereinafter referred to as the employer or as appellant, an order and notice of assessment demanding payment of delinquent contributions due the unemployment compensation fund for the period from January 1, 1940, to and including June 30, 1941, in the sum of $337.93.

The employer duly filed a petition for a formal hearing of the matter before the commissioner, alleging in his petition that the assessment is unjust and incorrect as to every part thereof, for the following reasons: (1) That, under §19(f)(1) of the 1937 unemployment compensation act (which is still in effect and appears as Rem. Supp. 1941, § 9998-119f(2)(a)), he was not, at the time here involved, an employer, because never at any time had he employed eight or more individuals; (2) that he did not come within the provisions of § 19(g)(5) of the act (also still in effect and appearing as Rem. Rev. Stat. (Sup.), § 9998-119(g)(5)), because the employees here concerned were not subject to his direction or control, but performed their services away from all of his places of business and, severally, had an established trade, occupation, profession, or business of the same nature as that covered by their respective agreements of service with him; (3) that he is exempt from contribution under the act, because no profit inures to him or to anyone connected with his business; and (4) that he is exempt, under the provisions of § 19(g)(6) of the 1937 act, as amended by Laws of 1939, chapter 214, p. 859, § 16, and now appearing as Rem. Supp. 1941, § 9998-119g(6)(2)(ix), relating to services performed by solicitors whose compensation is on a commission basis.

Pursuant to the provisions of the unemployment compensation act, the commissioner assigned the matter to an appeal examiner, who, after a hearing, made findings of fact and rendered his decision. These findings are accepted by the appellant as being "very fair and complete." We state them at length, as follows:

Appellant, operating as an individual, is engaged in drilling test wells for gas and oil in the state of Washington. In connection therewith, he is engaged in selling to residents within the state leasehold interests, under authority issued to him by the director of licenses, pursuant to chapter 110, p. 314, Laws of 1939 (Rem. Rev. Stat. (Sup.), § 5853-51 [P. C. § 482-71] *et seq.*). He is required to use sixty-five per cent of the gross proceeds from such sales for the drilling of test wells, and the balance thereof is used for overhead expenses, such as commissions and office rent.

In order to distribute leases to the public, appellant engages the services of individuals under oral agreements to act as salesmen for him. These salesmen receive fifteen or twenty per cent commission on the gross amount of sales as remuneration for their services. To engage in the selling of leases, it is necessary that the salesman obtain a license from the state director of licenses. Such license is issued to an otherwise qualified applicant upon a showing that he has been appointed as agent by the principal to represent and act for him in negotiating or soliciting for the sale of leases or in taking subscriptions therefor.

The activities of the salesmen are restricted to the state of Washington. Each salesman is supplied with a prospectus describing the proposition and is instructed and required to follow the prospectus in his sales talks, especially with regard to the speculative nature of the enterprise. The salesmen are not re-

quired to devote any specified amount of time to the business and may report to appellant's office regularly or not, as they wish. It is optional with them whether they shall attend the weekly lecture meetings held by the appellant. No part of their expenses is paid by the appellant and they may engage in other activities.

The salesmen are furnished with the names of prospects, on whom they may call if they so desire. If they make a call, they are required to note that fact on the prospect's card when it is returned to the office. No individual desk space is provided for the salesmen, but they are allowed to use the office telephone. The appellant may discharge a salesman if at any time he is dissatisfied with his services, and the salesman likewise may quit whenever he wishes.

In some instances, the salesmen here involved had other interests. One of them sold real estate and insurance, and another one was a contractor. None of them, however, engaged in selling oil or gas leases for anyone other than the appellant.

On the basis of certain information presented in a questionnaire by one of appellant's salesmen, the collector of internal revenue at Tacoma ruled that there was not such a degree of direction and control by the appellant over the salesman's services as to establish the relationship of employer and employee, and that the commissions paid were therefore not subject to the taxes imposed under the provisions of the Federal income contributions act or the Federal unemployment tax act.

Upon request made by the appellant for a ruling by the state tax commission, appellant was held not to be engaged in a taxable activity under the revenue act of 1935, as amended by chapters 9 and 225, pp. 15 and 976, Laws of 1939. Exemption was accordingly granted by the tax commission upon a showing that no profit was

involved in the sale of the leases and that there would be no profit unless and until gas or oil is found in commercial quantities.

From these findings, the appeal examiner concluded that appellant did not come within the exemptions prescribed by § 19(g)(6)(2)(ix), excluding from the coverage of the act the services performed by solicitors compensated by commissions; that appellant was not exempt from contributions by virtue of § 19(g)(6)(v), now appearing as Rem. Supp. 1941, § 9998-119g(6)(v), relating to charitable, scientific, literary, or educational organizations where no part of their earnings inures to the benefit of any private shareholder or individual; that the mere fact that profits were not immediate or certain was not sufficient to bring appellant within the exemption of the last mentioned section of the act; that appellant's salesmen performed services for him pursuant to their contracts and were compensated by commissions, constituting remuneration within the meaning of § 19(g)(5); that appellant had the right to control and direct the performance of the salesmen's service; that the services rendered by the salesmen were not outside the usual course of appellant's business, and were performed in part in appellant's office; that none of the salesmen was customarily engaged in an independently established business of the same nature as that involved in his contract of service with appellant; that the ruling of the internal revenue collector, referred to above, is not binding on the respondent; and that the services performed by appellant's salesmen constituted employment within the purview of § 19(f)(1).

It may be added that the parties stipulated at the hearing before the appeal examiner that, in the event the salesmen were held to be in "employment," appel-

lant would be a liable employer under § 19 (f) (1) for the years 1940 and 1941.

Upon these findings, stipulation, and conclusions, the appeal examiner rendered his decision holding that the assessment levied against appellant in the sum of $337.93 for the period stated is just and correct, and that the commissioner is entitled to recover that amount.

Upon receipt of notice of the decision made by the appeal examiner, appellant petitioned for a review by the commissioner. The petition was based upon the following grounds: (1) that, by the direction of the department of licenses, appellant is forbidden to make a profit; (2) that, by the order of assessment, he is denied privileges accorded to insurance companies who employ solicitors on commission; (3) that the unemployment compensation act is discriminatory in that it accords privileges to insurance companies which are denied to him; (4) that appellant's business is not a private concern operated for profit, but is under strict supervision by the state, forbidding him to earn profits; (5) that his salesmen are not subject to his control, but conduct all their negotiations outside of his office, and, besides, are customarily engaged in independently established occupations or professions not of the same nature as that involved in their contracts of service with appellant; and (6) that the appeal examiner erred in concluding that appellant's business comes under the unemployment compensation act.

Upon a review of the proceedings, the commissioner entered an order affirming the decision of the appeal examiner. The employer thereupon appealed to the superior court for King county, where the matter was again reviewed upon the record made before the appeal examiner, without any additional evidence be-

ing taken. The trial court entered judgment affirming the order of the commissioner, whereupon the employer instituted the present appeal.

■ From the time of the adoption of the original unemployment compensation act in 1937 and the subsequent amendments thereto, we have repeatedly held that the administrative determination of the facts involved in a proceeding instituted pursuant to the act is conclusive on the courts, unless such determination is wholly without evidential support, or is wholly dependent upon a question of law, or is clearly arbitrary or capricious. *In re St. Paul & Tacoma Lbr. Co.,* 7 Wn. (2d) 580, 110 P. (2d) 877; *In re Farwest Taxi Service, Inc.,* 9 Wn. (2d) 134, 114 P. (2d) 164; *Mulhausen v. Bates,* 9 Wn. (2d) 264, 114 P. (2d) 995; *Virginia Mason Hospital Ass'n v. Larson,* 9 Wn. (2d) 284, 114 P. (2d) 976; *In re Foy,* 10 Wn. (2d) 317, 116 P. (2d) 545; *In re North River Logging Co.,* 15 Wn. (2d) 204, 130 P. (2d) 64; *In re Hillman Inv. Co.,* 15 Wn. (2d) 452, 131 P. (2d) 160; *Knestis v. Unemployment Compensation & Placement Division,* 16 Wn. (2d) 577, 134 P. (2d) 76.

■ Section 6(i) of the act of 1937 [reenacted in Laws of 1939, chapter 214, § 4, p. 828 (Rem. Rev. Stat. (Sup.), § 9998-106 (i)), and in Laws of 1941, chapter 253, § 4, p. 882 (Rem. Supp. 1941, § 9998-106 (i))], provides that, upon an appeal to the superior court, only such issues of law may be raised as were properly included in the application made by the interested party before the appeal tribunal. Our decisions have upheld the force and effect of the rule prescribed by that statute. *In re St. Paul & Tacoma Lbr. Co., supra; In re Farwest Taxi Service, Inc., supra; In re Foy, supra.*

With these rules in mind, we take up the issues first presented by the appellant employer to the appeal

examiner. He first contended that he was not an employer within the meaning of the unemployment compensation act, for the reason that he never at any time employed eight or more individuals. However, appellant stipulated at the hearing before the appeal tribunal that, in the event his salesmen were held to be in "employment," he would be liable as an employer under the act. We therefore need not further consider that issue.

Appellant next contended before the appeal examiner that his factual situation did not bring him within the definition of § 19(g)(5) of the act, which provides:

"Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the director [commissioner] that:

"(i) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

"(ii) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and

"(iii) Such individual is customarily engaged in an independently established trade, occupation, profession or business, of the same nature as that involved in the contract of service."

■ We have upon a number of occasions held that our unemployment compensation act does not confine taxable employment to the relationship of master and servant, but brings within its purview many individuals who would otherwise have been excluded under common-law concepts of master and servant, or principal and agent. *McDermott v. State,* 196 Wash. 261, 82 P. (2d) 568; *Mulhausen v. Bates, supra; In re Foy,*

*supra*; *Sound Cities Gas & Oil Co. v. Ryan*, 13 Wn. (2d) 457, 125 P. (2d) 246; *In re Hillman Inv. Co., supra.*

Construing § 19 (g) (5), above quoted, we have also repeatedly held that services performed by an individual for remuneration must be deemed "employment" under the act unless the person challenging the relationship of employer and employee establishes all three of the exceptions enumerated in the foregoing section of the statute, for the reason that these exceptions, sometimes referred to as "tests," are stated conjunctively, not disjunctively. *Mulhausen v. Bates, supra*; *In re Foy, supra*; *Sound Cities Gas & Oil Co. v. Ryan, supra*; *In re Hillman Inv. Co., supra.*

The appeal examiner found that the appellant had met none of these tests. On the contrary, the examiner held that appellant had the right to control and direct the performance of the salesmen's services; that such services were not outside the usual course of appellant's business and were, in part, performed in his office; and that none of the salesmen customarily engaged in an independently established business of the same nature as that involved in his contract of service with appellant.

This case is almost identical, in point of fact, with the case of *Sound Cities Gas & Oil Co. v. Ryan, supra.* The findings made by the appeal examiner in that case, as set forth in our opinion therein, are virtually the same as the findings which appear in this proceeding, as set forth above. On the findings made in the *Sound Cities Gas & Oil Co.* case, this court held that the employer had met none of the so-called tests. In any event, in the case at bar it has been conclusively shown that none of appellant's salesmen has been customarily engaged in an independently established trade, occupation, profession, or business, of the same nature as that involved in the salesman's contract of

service with appellant. It thus appears that appellant has at least not satisfied the third exception designated in the statute. The services of the salesmen must therefore be deemed to be "employment" within the meaning of § 19(g) (5) of the act.

■ Appellant next contended before the appeal examiner that he is exempt from the operation of the statute because no profit inured from the business either to himself or to anyone connected therewith.

Section 19(g) (6) (v) of chapter 162, Laws of 1937, p. 612, on which appellant relies, exempts from the term "employment":

"Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

Appellant is not one of the organizations included in the section just quoted, nor is his enterprise organized or operated exclusively for any of the purposes mentioned therein. He is therefore not entitled to exemption on the basis of that section of the statute.

■ Appellant next contended before the appeal examiner that he is exempt by reason of § 19(g) (6) of chapter 162, Laws of 1937, as amended by § 16, chapter 214, Laws of 1939 (Rem. Rev. Stat. (Sup.), § 9998-119a (g) (6) (ix); Rem. Supp. 1941, § 9998-119g (6) (2) (ix)), which exempts from coverage:

"Service performed by an insurance agent or solicitor to the extent he is compensated by commission."

This section applies to services performed by an insurance agent or insurance solicitor, and not to solicitors in general.

■ ■ The exemption covered by this section is an exception to the general provisions of the act and is therefore to be strictly construed. *Tabb v. Funk,* 170 Wash. 545, 17 P. (2d) 18; *McKenzie v. Mukilteo Water Dist.,* 4 Wn. (2d) 103, 102 P. (2d) 251; *Monroe Calculating Machine Co. v. Department of Labor & Industries,* 11 Wn. (2d) 636, 120 P. (2d) 466. Furthermore, the unemployment compensation act has features which render it, in part, a taxing statute. It is well settled that an exemption in a statute imposing a tax must be strictly construed in favor of the application of the tax and against the person claiming the exemption. *Miethke v. Pierce County,* 173 Wash. 381, 23 P. (2d) 405; *Norwegian Lutheran Church v. Wooster,* 176 Wash. 581, 30 P. (2d) 381; *Yakima Fruit Growers Ass'n v. Henneford,* 187 Wash. 252, 60 P. (2d) 62. Were this section of the statute for any reason considered ambiguous or uncertain, we would still be required, under the rules just stated, to hold that appellant does not come within the exemption.

■ Appellant further contended, before the commissioner and, presumably, before the superior court, that the exemption of insurance agents and solicitors, to the extent that they are compensated by commissions, renders the act unconstitutional because it constitutes an arbitrary and unreasonable classification of persons, based on method of compensation alone. If appellant should prevail in this contention, it would still avail him nothing, for, if that particular section of the statute were declared invalid, it would merely result in subjecting insurance companies and their agents, as well as the appellant and his salesmen, to the general operation of the act.

An act cannot be declared unconstitutional in its entirety by reason of the fact that some one or more of its provisions is unconstitutional, unless the consti-

tutional and unconstitutional provisions are unseverable and are so intimately connected and interdependent in their meaning and purpose that it could not be believed that the legislature would have passed the one without the other, or unless the part eliminated is so intimately connected with the remainder of the act that the elimination would render the remainder incapable of accomplishing the purposes of the legislature. *State ex rel. Lindsey v. Derbyshire,* 79 Wash. 227, 140 Pac. 540; *Northern Cedar Co. v. French,* 131 Wash. 394, 230 Pac. 837; *State v. Nelson,* 146 Wash. 17, 261 Pac. 796; *State ex rel. King County v. State Tax Commission,* 174 Wash. 336, 24 P. (2d) 1094; *Jensen v. Henneford,* 185 Wash. 209, 53 P. (2d) 607; *Benjamin Franklin Thrift Stores v. Henneford,* 187 Wash. 472, 60 P. (2d) 86.

Section 21 of the act in question specifically provides that, if any provision thereof, or the application thereof to any person or circumstances, is held invalid, the remainder of the act and the application of such provision to other persons or circumstances shall not be affected thereby. The section of the statute under consideration is, by the terms of the act itself, severable and could be eliminated without affecting the remainder of the act or the application thereof to appellant. Moreover, we do not believe that, if the legislature had thought that this one provision would be declared unconstitutional, it would have hesitated for an instant to pass the remainder of the act. It is therefore unnecessary to determine whether this provision of the statute is valid or invalid, for in either event the result is the same so far as the appellant is concerned.

 This disposes of all questions presented by the appellant before the appeal examiner or the commissioner or, so far as the record discloses, before the superior court. In his brief on appeal to this court,

however, appellant departs from the original questions and, for the first time, makes an attack upon the general intelligibility and constitutionality of the unemployment compensation act. A single paragraph from the brief illustrates his present position. He says:

"Our sole argument is addressed to the said Act as it is now written; it is loosely drawn and unintelligible; it is full of contradictory provisions; it denies to individuals the freedom of contract which it specifically grants to all other agencies and types of business; it makes one act in violation of law into a multitude of kindred acts; it denies to a witness his constitutional right to refuse to incriminate himself; it exempts certain members of a class without the slightest distinction."

Appellant concedes that some of his general criticisms of the act have no application to the particular question with which he is here concerned. Others, however, he insists, affect his rights specifically.

We have many times held that questions which are not raised in any manner before the trial court will not be considered on appeal. *In re Corneliusen's Estate,* 182 Wash. 488, 47 P. (2d) 843; *Fisch v. Marler,* 1 Wn. (2d) 698, 717, 97 P. (2d) 147, 155; *Gill v. Strouf,* 5 Wn. (2d) 426, 105 P. (2d) 829. This general rule is, likewise, ordinarily applicable to defenses and objections based on constitutional grounds. 3 Am. Jur. 63, Appeal and Error, § 293; 4 C. J. S. 454, Appeal and Error, § 234; 8 Bancroft, Code Practice and Remedies, § 6433, p. 8479; 5 Bancroft, Code Pleading, Practice and Remedies (Ten Year Supp.), § 6433, p. 4102.

There is no reason why all questions upon which appellant seeks a review should not have been presented in the various proceedings below, particularly in view of the fact that, as stated above, the unemployment compensation act specifically provides that upon

242

an appeal to the superior court only such issues of law may be raised as were properly included in the application before the appeal examiner. We therefore shall not consider the additional questions suggested for the first time on the appeal here.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, JEFFERS, and MALLERY, JJ., concur.