Elvin O. BENSON, Appellee,

v.

NORTH DAKOTA WORKMEN'S COM-
PENSATION BUREAU, Appellant.

Civ. No. 9238.

Supreme Court of North Dakota.

Jan. 24, 1977.

Rehearing Denied Feb. 24, 1977.

John E. Adams, Asst. Atty. Gen., and Richard J. Gross, Special Asst. Atty. Gen., Workmen's Compensation Bureau, Bismarck, for appellant; argued by John E. Adams.

Reichert, Howe, Hardy, Moench, Galloway & Jorgensen, Dickinson, for appellee; argued by Dale W. Moench, Dickinson.

PEDERSON, Justice.

This is an appeal by the North Dakota Workmen's Compensation Bureau from a judgment of the district court of Stark County, which reversed the Bureau's denial of an agricultural employee's claim for benefits and determined that the exclusion of "agricultural service" from the mandatory provisions of the Workmen's Compensation Act violates the Constitution of North Dakota and the Constitution of the United States.

The parties raised two issues on appeal: (1) Does the "agricultural service" exclusion established by § 65–01–02(4)(a)(1), NDCC, violate the Constitution? (2) Is Elvin O. Benson entitled to benefits under the North Dakota Workmen's Compensation Act?

Benson was injured in the course of his employment as a general farmhand for

Decker Dairy of rural Dickinson, owned by Donald C. Decker. Pursuant to Decker's instructions, Benson, on horseback, was bringing in a heifer when the horse fell on him, breaking Benson's right leg. Benson filed a claim for benefits with the North Dakota Workmen's Compensation Bureau. The claim form indicated that Benson's average gross weekly wage was $110.00 and that he worked an average of 85 hours per week. Decker declared that the information submitted by Benson was correct except that he says he also furnished Benson with living quarters, milk, eggs, electricity, and gas. Decker participated in no other manner, but received notice of proceedings before the Bureau and in district court. The Bureau determined that Benson was injured in an agricultural employment, that his employer was a farmer engaged in an agricultural endeavor, and that, under § 65–01–02(4)(a)(1), agricultural employment is defined as nonhazardous, and coverage for such employment is not mandatory. The Bureau further determined that Benson's employer had not elected to secure workmen's compensation insurance under § 65–04–29, NDCC. Benson's claim was denied and he appealed.

The district court, on appeal, reviewed the record and held that the agricultural service classification, as established under § 65–01–02(4)(a)(1), is unreasonable, arbitrary, has no rational basis, discriminates against agricultural employees and nonagricultural employers, and offends and violates Sections 1, 11, 13, and 20 of Article I of the North Dakota Constitution, and Section 1 of the Fourteenth Amendment of the United States Constitution. Accordingly, the court reversed the Bureau and awarded benefits to Benson under the Workmen's Compensation Act. This appeal by the Workmen's Compensation Bureau followed.

There is no dispute that Benson was engaged in "agricultural service" within the meaning of the statute in question. Thus the principal issue is the constitutionality of § 65–01–02(4)(a)(1), which provides:

"4. a. 'Hazardous employment' shall mean any employment in which one or

more employees are employed regularly in the same business or in or about the establishment except:

(1) Agricultural or domestic service; "

■ If we are to make a determination of the validity of the agricultural exclusion from the Workmen's Compensation Act, we are confronted with a particularly difficult task. See *State v. Hagen*, 44 N.D. 306, 175 N.W. 372 (1919). The potentially widespread effect upon a largely rural state, such as North Dakota, requires our sincerest scrutiny of this question. In according the issues presented the deliberation they merit, it is apparent to us that the present posture of this case prevents us from making an informed and well-considered decision. For the reasons to be discussed in this opinion, after many conferences, we have concluded that this case must be remanded to the district court.

■ The major obstacle presented by this appeal is the impropriety of raising constitutional questions for the first time on appeal from an administrative agency's decision. While we have allowed such an appeal on constitutional issues in one unique instance, *Snyder's Drug Stores v. North Dakota St. Bd. of Ph.*, 202 N.W.2d 140 (N.D. 1972), we do not consider it controlling precedent. Benson, here, filed a claim with the Workmen's Compensation Bureau and thus submitted to its jurisdiction. It is questionable whether one who seeks to enjoy the benefits under a law can thereafter, in the same proceeding, question the constitutionality of the Act under which he proceeds. *City of Fargo v. Annexation Review Commission*, 123 N.W.2d 281 (N.D.1963).

Furthermore, while Section 65–10–01, NDCC, of the Workmen's Compensation Act provides for appeal to the district court from the Bureau's decision, the appealable issues under the Act do not include the constitutionality of the Act itself. Section 65–10–01 provides that any appeal to the district court shall be heard upon the record transmitted from the Bureau and it further specifies that an appeal under that section

shall be taken in the manner provided in Chapter 28–32, NDCC, the Administrative Agencies Practice Act. That Act also provides that the record made before the administrative agency is the record considered on appeal. Section 28–32–19, NDCC; *Application of Bank of Rhame,* 231 N.W.2d 801 (N.D.1975). The issue of the constitutionality of the agricultural exclusion was not raised before the Workmen's Compensation Bureau, and therefore it cannot be a part of that agency's record filed with the district court on appeal. It cannot be raised for the first time on appeal to the district court when it was not raised initially at the administrative hearing. See 5 Am.Jur.2d Appeal and Error, § 574, at 48; *Hazelton-Moffit Special School Dist. No. 6 v. Ward,* 107 N.W.2d 636 (N.D.1961).

In the event that we could overcome this procedural obstacle, we would be faced with the problem of deciding the constitutionality of this law on the basis of a seriously inadequate evidentiary record. The foregoing statement of facts represents almost all of the factual information pertaining to this case which is currently available to this Court. We note that the farmer-employer in this case, Donald Decker, was not a party to the proceedings before the Workmen's Compensation Bureau, the district court, or this Court.

While we are confident that the Workmen's Compensation Bureau has made a sincere effort in its argument before this Court to defend the constitutionality of the agricultural exclusion against Benson's attack upon it, an exhaustive analysis of the legal issues involved would better be accomplished by an adversary proceeding in which the agricultural employer and other interested persons, as amicus curiae or intervenors, actively participate.

For these reasons we believe it is necessary to remand this case to the district court to give the claimant the opportunity to have the case put in the proper procedural posture as a declaratory judgment action. Chapter 32–23, NDCC. Pursuant to § 32–23–11, NDCC, all parties who have or claim an interest which would be affected must be made parties to the action, including Benson, his employer, Donald Decker, the Workmen's Compensation Bureau, and the attorney general. All other interested persons should also be encouraged and permitted to intervene in the action under the provisions of Rule 24, North Dakota Rules of Civil Procedure.

In that declaratory judgment action all pertinent facts should either be stipulated to or elicited through the testimony of witnesses in an adversary proceeding. Such an evidentiary hearing should address itself to facts having a bearing on the validity or invalidity of the statutory exclusion, and a complete characterization of the nature of Decker's farming operation.

While not an exhaustive list, some of the relevant questions to which the parties should address themselves include: Is there a stated purpose or can a purpose be extrapolated from legislative history justifying the agricultural service exclusion from the Workmen's Compensation Act? Does the agricultural service exclusion constitute a classification within a classification? Is the classification "suspect" or does a minimum rationale standard apply? Is it beneficial or detrimental to an employee to be covered by the Act and thus relinquish his common law remedies? Is there a proper and justifiable distinction between exempt agricultural workers and nonagricultural workers in the manner in which they work, are paid, or are treated by their employers when injured? What is the significance of claiming violations of Sections 1, 11 and 13 of the North Dakota Constitution and the Fourteenth Amendment of the United States Constitution if the only issue is invidious discrimination in the classification in violation of Section 20 of the North Dakota Constitution?

Furthermore, what is the purpose of the legislative use of the words "hazardous employment" in § 65–01–02(4)(a), NDCC, if the number of employees is the only significant matter? Is there a reasonable relationship between the purpose of the Workmen's Compensation Act and the agricultural service exclusion? If the legislative

purpose is valid, are any means, no matter how onerous, justifiable?

If the exclusion is invalid, is it necessary to apply the Sunburst principle? See *Kitto v. Minot Park District*, 224 N.W.2d 795 (N.D.1974). If Benson is entitled to benefits under the Act, from what source would the compensation be paid?

These and other relevant questions must be fully litigated in the adversary setting of the declaratory judgment action before a determination of the constitutionality of the agricultural service exclusion can be made. We do not mean to suggest by this opinion that the North Dakota Legislature should await the outcome of this case or delay any contemplated action in this essentially legislative area, should it wish to consider enactments relating to the agricultural service exclusion from the Workmen's Compensation Act. According to 1A Larson, Workmen's Compensation Law, § 53:10 (1973), at least seventeen states have eliminated the agricultural exclusion.

For the foregoing reasons, the case is remanded to the district court with instructions to treat it as a declaratory judgment action with concomitant notice requirements to all interested persons.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.