Clayton HAMILTON, Employee *v.* JEFFREY
STONE COMPANY, Employer, and the TRAVELERS
INSURANCE CO., Insurance Carrier

CA 82-220                                641 S.W.2d 723

Court of Appeals of Arkansas
Opinion delivered November 10, 1982

*McMath, Leatherman & Vehik, P.A.*, by: *Art Anderson*,
for appellant.

*Michael E. Ryburn*, for appellees.

TOM GLAZE, Judge. This is an appeal from a decision of
the Workers' Compensation Commission that appellant's
silicosis claim was barred by the statute of limitations.

Appellant is a 62-year-old man who was employed by
Jeffrey Stone Company from 1957 to 1969. His duties

included working on a rock crusher, a machine which emits large amounts of silica dust which appellant inhaled daily for twelve years. In July, 1969, he was hospitalized for what was diagnosed at the time as tuberculosis. A doctor advised appellant not to return to his job because of his difficulties with breathing.

Appellant began working as a guard with a security firm in January, 1970; he worked until December, 1977, when he had to stop working entirely because of problems with breathing and being shortwinded. In November, 1980, appellant's problem was diagnosed as silicosis. He filed his claim for permanent and total disability in December, 1980, contending the statute of limitations on silicosis did not begin to run until his condition was diagnosed. Respondent insurance company controverted the claim in its entirety, maintaining that the claim was barred by the statute of limitations. The statutes establish that silicosis claims must be filed within one year after disablement, and such disablement must occur within three years of the last injurious exposure to the hazards of silicosis. *See* Ark. Stat. Ann. §§ 81-1314 (a) (7), 81-1318 (a) (2) (Repl. 1976). The Commission affirmed the Administrative Law Judge's decision that the claim was barred. On appeal, appellant argues the statutes of limitation pertaining to silicosis should be: (1) declared unconstitutional because they violate the Equal Protecton Clause of the Fourteenth Amendment of the United States Constitution; but if constitutional, (2) interpreted to run from the date of discovery or the time at which the claimant knows or should reasonably be expected to know of his injury.

Before deciding the constitutional issue raised by the appellant, we must consider appellee's argument that constitutional questions cannot be raised for the first time on appeal. We have previously held that an issue will not be considered by this Court when presented for the first time on appeal. *Dodson Creek, Inc.* v. *Fred Walton Realty Co.*, 2 Ark. App. 128, 133, 620 S.W.2d 947, 949 (1981). We have applied that rule with equal force to appeals from the Arkansas Workers' Compensation Commission. *Ashcraft* v. *Quimby*, 2 Ark. App. 332, 336, 621 S.W.2d 230, 232 (1981).

Until now, this Court has not been asked whether constitutional questions must first be presented at the Commission level. The general rule is that the constitutionality of a statute will not be considered if raised for the first time on appeal. *See e.g., Sweeney* v. *Sweeney,* 267 Ark. 595, 593 S.W.2d 21 (1980). This rule has also been followed by appellate courts in appeals from workers' compensation commissions and other administrative agencies. *E.g., Lewis* v. *Anaconda Co.,* 543 P.2d 1339 (Mont. 1975); *Benson* v. *North Dakota Workmen's Compensation Bureau,* 250 N.W.2d 249 (N.D. 1977); and *Unemployment Compensation Department* v. *Hunt,* 17 Wash.2d 228, 135 P.2d 89 (1943); *see also 3* A. Larson, *The Law of Workmen's Compensation,* § 78.12 (1976 & July, 1982 Supp.).

Even though the Commission may not have the authority to declare statutes unconstitutional, we believe such issues should first be raised at the Administrative Law Judge or Commission level. Constitutional questions often require an exhaustive analysis which is best accomplished by an adversary proceeding. Obviously this can be done only at the hearing level. Requiring these constitutional issues to be considered by the Commission, we can be assured that such issues will be thoroughly developed before we are asked to rule on a statute's validity.

In *Swafford* v. *Tyson Foods, Inc.,* 2 Ark. App. 343, 621 S.W.2d 862 (1981), we were called on to decide the validity of Ark. Stat. Ann. § 81-1302 (m) after an Administrative Law Judge ruled it unconstitutional. The Commission took the position that it could not declare a legislative act unconstitutional because that was within the court's jurisdiction. Since the constitutional issue was raised at the administrative hearing level, we held § 81-1302 (m) unconstitutional without addressing whether the issue was required to be raised below before we reviewed it.

In the instant case, appellant failed to properly raise before the Commission the issue concerning the constitutionality of §§ 81-1314 (a) (7) and 81-1318 (a) (2). Because we have never held, until now, that such issues must be raised first at the Commission level, we believe it would be unfair

not to remand this cause in order to allow the appellant the opportunity to present and argue his constitutional issue. We especially believe such action is warranted because the Commission only recently expressed the opinion that it had no authority to consider constitutional issues.

Before remanding, we reject appellant's other contention that the statutes of limitation pertaining to silicosis run from the date of discovery or when the claimant knows or should reasonably be expected to know his injury. Our Supreme Court has held that in silicosis cases the statute commences to run at the time of disablement and not at the time the claimant learns he is suffering from the disease and that disablement does not occur until the employee is unable to work and earn his usual wages. *Quality Excelsior Coal Co. v. Smith,* 233 Ark. 67, 342 S.W.2d 480 (1961).

Therefore, we affirm the Commission's finding that appellant's claim was barred under §§ 81-1314 (a) (7) and 81-1318 (a) (2), assuming such provisions to be constitutional. We otherwise remand this case for the Commission's consideration of the parties' respective presentations and arguments relative to the constitutionality of the foregoing statutory provisions.

Affirmed and remanded.

MAYFIELD, C.J., and CLONINGER, J., concur.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in the remand of this case but would remand both issues to the Commission.