

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–16–679

| | | |
|---|---|---|
| CLARA C. GAITHER | | Opinion Delivered:  March 15, 2017 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G205762] |
| ARKANSAS FOUNDATION FOR MEDICAL CARE AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. | | |
| | APPELLEES | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Clara C. Gaither worked as a receptionist for appellee Arkansas Foundation for Medical Care. Ms. Gaither brought a workers' compensation claim alleging that she developed chronic headaches, anxiety, and depression as a result of a racist work environment while working for her employer. The administrative law judge denied Ms. Gaither's claim, finding that she failed to prove compensability for her alleged mental injuries. The Workers' Compensation Commission affirmed and adopted the ALJ's decision.

Ms. Gaither now appeals from the Commission's decision denying compensability. Her sole argument on appeal is that Arkansas Code Annotated section 11-9-113 (Repl. 2012), which governs compensability for mental injuries, is unconstitutional because it violates the Equal Protection Clause of the Fourteenth Amendment as well as Article 2,



section 3, of the Arkansas Constitution. Because Ms. Gaither failed to raise her constitutional argument to either the ALJ or the Commission, we must affirm.

Ms. Gaither testified that she developed chronic headaches as a result of a harsh and racist work environment. She sought treatment from Dr. Stanley Burns and Dr. Krameelah Banks, a licensed psychologist. The medical reports from these doctors reflected that Ms. Gaither suffered from anxiety disorder, severe depression, and paranoid ideation, for which she was prescribed medication. In her testimony, Ms. Gaither admitted that she had not suffered any physical injury, nor was she the victim of a crime of violence in the workplace.

The ALJ's opinion, which was affirmed and adopted by the Commission, denied compensability pursuant to Arkansas Code Annotated section 11-9-113(a)(1), which provides:

> A mental injury or illness is not a compensable injury unless it is caused by physical injury to the employee's body, and shall not be considered an injury arising out of and in the course of employment or compensable unless it is demonstrated by a preponderance of the evidence; provided, however, that this physical injury limitation shall not apply to any victim of a crime of violence.

The ALJ and the Commission made the following findings and conclusions:

> Th[e] evidence establishes by a preponderance of the evidence that the claimant suffers from symptoms of a mental injury or illness. However, during the hearing, the claimant readily admitted that she did not suffer any type of physical injury while working for the respondent-employer. Nor was any type of evidence presented demonstrating that the claimant was the victim of a crime of violence in the workplace. Unfortunately, under these circumstances, the claimant cannot meet her burden of proof for a compensable mental injury. Therefore, based on the evidence presented in this case, I am compelled to find that the claimant has failed to establish

by a preponderance of the evidence that she suffered a mental injury under the provisions of the Arkansas Workers' Compensation Act.

In this appeal, Ms. Gaither challenges the constitutionality of Arkansas Code Annotated section 11-9-113, and specifically argues that the statute is unconstitutional because it arbitrarily treats similarly-situated persons differently. Ms. Gaither contends that there is no rational basis for treating mental injuries differently than physical injuries. She asserts that the physical-injury requirement for proving a compensable mental injury violates equal protection.

We are unable to reach the merits of Ms. Gaither's constitutional claim. This is because, by Ms. Gaither's own admission, she failed to raise the argument in the proceedings below.

Our supreme court has held that, although an administrative agency does not have the authority to declare a statute unconstitutional, a constitutional issue must nonetheless be raised before the administrative agency to preserve the issue for appeal. *AT&T Commc'ns of the SW., Inc. v. Ark. Pub. Serv. Comm'n*, 344 Ark. 188, 40 S.W.3d 273 (2001). This principle applies to appeals from the Workers' Compensation Commission. *Shaw v. Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991); *Hamilton v. Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982). In refusing to address a constitutional issue raised for the first time on appeal in *AT&T Communications*, the supreme court adopted our reasoning in *Hamilton*:

> Even though the Commission may not have the authority to declare statutes unconstitutional, we believe such issues should first be raised at the Administrative Law Judge or Commission level. Constitutional questions often require an exhaustive analysis which is best accomplished by an adversary proceeding. Obviously this can be done only at the hearing level. Requiring these constitutional

SLIP OPINION

issues to be considered by the Commission, we can be assured that such issues will be thoroughly developed before we are asked to rule on a statute's validity.

344 Ark. at 197, 40 S.W.3d at 279 (*quoting Hamilton*, 6 Ark. App. At 335, 641 S.W.2d at 725).

Our law is well settled that a constitutional argument must first be raised to the Workers' Compensation Commission in order to preserve the argument for review. Because Ms. Gaither failed to raise her equal-protection argument to the Commission, she is precluded from arguing that issue on appeal to this court.

Affirmed.

GLOVER and BROWN, JJ., agree.

*Clara C. Gaither*, pro se appellant.

*Munson, Rowlett, Moore & Boone, P.A.*, by: *JB Smiiley Jr.*, for appellees.